United States District Court
Southern District of Texas
**ENTERED**
December 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LAND AND BAY GAUGING LLC, *et al*, | § § | |
| Plaintiffs, | § § | |
| VS. | § | CIVIL ACTION NO. 7:13-CV-00423 |
| TOBY SHOR, *et al*, | § § § | |
| Defendants. | § § | |

# OPINION

The Court now considers Richard Daly's ("Defendant") Rule 60(b) motion for relief from judgment,[1] and the numerous Plaintiffs' response.[2] After duly considering the record and authorities, the Court **DENIES** the motion.

## I. BACKGROUND

Plaintiffs filed the instant lawsuit in federal court against Defendant on August 12, 2013,[3] though the events giving rise to this action took place in state court. As Defendant has stated: "Paul Black ["Black"] and Toby Shor were business partners whose relationship turned sour. State court litigation ensued, and [Shor was awarded a] $31 million judgment against Black and several entities he owned or controlled either in whole or in part, including $5 million in punitive damages."[4] Black eventually appealed the judgment in state court, and also filed two separate lawsuits in federal court against Defendant—who was Black's state-court lawyer—for allegedly conspiring with state court judges to deprive Black of his property.[5]

---

[1] Dkt. No. 48.
[2] Dkt. No. 49.
[3] Dkt. No. 1.
[4] Dkt. No. 48.
[5] *Id.* at pp. 2–4.

Black specifically alleged, among other things, tortious interference and state law abuse of process.[6] It is undisputed that Defendant never answered or filed a motion for summary judgment, but did move to dismiss under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).[7] Once Defendant's dismissal motion was ripe, the Court consolidated both of Black's federal suits, and then granted Defendant's dismissal motion.[8] Black appealed this Court's ruling to the Fifth Circuit, which partially vacated and modified this Court's judgment, effectively reinstating only Black's abuse of process and tortious interference claims against Defendant.[9] Defendant then filed an amended dismissal motion pursuant to FRCP 12(b)(6).[10]

Plaintiffs subsequently filed their notice of dismissal without prejudice pursuant to FRCP 41(a)(1)(A)(i).[11] The Court issued an order recognizing Plaintiffs' voluntary dismissal,[12] and the Clerk's Office closed the case on November 19, 2015. Defendant filed his FRCP 60(b) motion for relief from judgment nearly one year later, on November 10, 2016,[13] and Plaintiffs responded on November 30, 2016.[14] The Court now turns to Defendant's FRCP 60(b) motion for relief from judgment.

## II.  LEGAL STANDARD

FRCP 60(b) provides six alternative grounds for relief from a court's judgment:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or

---

[6] Dkt. No. 1 at pp.45–46.
[7] *See* Dkt. Nos. 17 & 29 (Defendant filed two motions to dismiss: the first was aimed at Plaintiffs' original complaint, while the second was aimed at Plaintiffs' amended complaint).
[8] *See* Dkt. No. 33.
[9] *See* Dkt. No. 41 at p. 15.
[10] Dkt. No. 45.
[11] Dkt. No. 46.
[12] Dkt. No. 47.
[13] Dkt. No. 48.
[14] Dkt. No. 49.

> discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or *(6) any other reason justifying relief from operation of the judgment.*[15]

The last of these potential bases for relief—FRCP 60(b)(6)—is "a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions."[16] Despite the broad language of this provision (*i.e.*, "any other reason justifying relief"), the Fifth Circuit has indicated that it is relatively narrow in scope:

> Although we frequently have recognized that Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses, . . . we have also narrowly circumscribed its availability, holding that *Rule 60(b)(6) relief will be granted only if extraordinary circumstances are present*. While [t]he broad language of clause (6) gives courts ample power to vacate judgments whenever such action is appropriate to accomplish justice, [t]here must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from.[17]

With regard to this catch-all provision, a district court's discretion is "especially broad,"[18] and its determination is subject to the abuse of discretion standard on appeal.[19] Naturally, the party requesting relief under FRCP 60(b)(6) "bears the burden of showing that the circumstances justify an exercise of [judicial] discretion."[20] Legal issues underpinning a district court's determination are reviewed *de novo* on appeal.[21]

FRCP 41(a)(1)(A)(i) provides that "the plaintiff may dismiss an action without a court order by [1] filing a notice of dismissal [2] before the opposing party serves either an answer or a motion for summary judgement . . . ."[22] The statute thus provides for dismissal when elements

---

[15] Fed. R. Civ. P. 60(b).
[16] *WesternGeco LLC v. ION Geophysical Corp.*, 4:09-CV-1827, 2016 WL 2344347, at *12 (S.D. Tex. May 4, 2016).
[17] *Id*. (internal citations omitted) (emphasis added).
[18] *Harrell v. DCS Equip. Leasing Corp.*, 951 F.2d 1453, 1458 (5th Cir.1992).
[19] *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013).
[20] *Id*.
[21] *Frew v. Janek*, 820 F.3d 715, 719 (5th Cir. 2016).
[22] Fed. R. Civ. P. 41(a)(1)(A)(i).

[1] and [2] are met. The Fifth Circuit jurisdiction strictly and literally construes this statutory provision and its triggering conditions. The Fifth Circuit has stated: "As the plain terms of Rule 41(a)(1)(A)(i) establish, a plaintiff has an *absolute* right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."[23] Simply put, a district court has no discretion to deny a FRCP 41(a)(1)(A)(i) dismissal notice when this provision's triggering conditions are met.[24]

Underlying this apparent objective-approach to interpreting FRCP 41(a)(1) is the Fifth Circuit's ostensible and quite understandable concern that detouring from the plain language of the text would lead to—and perhaps require—legislating from the bench. In *Pilate Freight Carriers*, the Fifth Circuit skeptically observed the Second Circuit's practice of engaging in a subjective, case-by-case analysis of every plaintiff's FRCP 41(a)(1) voluntary dismissal notice, and sometimes denying the same *even when* the triggering conditions of FRCP 41(a)(1) are met if the defendant had invested substantial resources into the litigation to that point.[25] The Fifth Circuit had this to say:

> [I]n our view, the necessity of deciding in every case 'How much preparation is too much'? in itself demonstrates the relative undesirability of the subjective approach endorsed [by the Second Circuit] as opposed to the objective standards embodied in the Rule. If however, as the appellants contend, [Second Circuit case law] is to be read more broadly as proscribing dismissal under F.R.C.P. 41(a)(1) whenever the merits of the controversy have been presented to the court in any manner, we must disagree with the decision and respectfully refuse to follow it.[26]

The Fifth Circuit went on to say that, at least in contexts where the plaintiff is seeking injunctive relief, "*[i]f such a comprehensive modification of the Rule is desirable, the request must be*

---

[23] *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977) (emphasis added)
[24] *Thomas v. Phillips*, 83 Fed. Appx. 661, 662 (5th Cir. 2003).
[25] *Pilot Freight Carriers, Inc. v. Int'l Broth. of Teamsters*, 506 F.2d 914, 916 (5th Cir. 1975).
[26] *Id.* at 916.

*addressed to the Supreme Court and to Congress, not to this Court.*"[27] Because of this concern—improper judicial law-making—the Fifth Circuit has also clarified that (for purposes relevant to the present case) a defendant's mere filing of a dismissal motion does not suffice to prevent a Plaintiff from voluntarily dismissing the case, and instead, "defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under rule 41(a)(1) may do so by taking the simple step of filing an answer."[28]

### III. APPLICATION

Defendant specifies that he is seeking relief under FRCP 60(b)(6)—the catch-all provision.[29] Thus, Defendant seeks relief from this Court's acknowledgment of Plaintiffs' dismissal notice on the ground that there exists some "reason which justifies relief."[30] However, the Court finds that Plaintiffs' dismissal notice met the requirements of Rule 41(a)(1)(A)(i) and there exists no basis for upending Plaintiffs' voluntary dismissal of this case. It is undisputed that Plaintiffs filed their dismissal notice *before* Defendant served either an answer or summary judgment motion.[31] Thus, the first prong is met because Plaintiffs *filed* a dismissal notice, and the second prong is met because this filing took place *before* Defendant served Plaintiffs with either an answer or summary judgment motion. Accordingly, and pursuant to the Fifth Circuit's own language, Plaintiffs had "an *absolute right* to dismiss [the] lawsuit . . . ."[32] Because of this absolute right, Plaintiffs' dismissal notice was valid and there is no reason to undo it.

Defendant does not contest that FRCP 41(a)(1)(A)(i)'s triggering conditions were met. Instead, Defendant argues that even though the triggering conditions were met, the Fifth Circuit

---

[27] *Id.* (emphasis added).
[28] *Carter*, 547 F.2d at 259.
[29] Dkt. No. 48. at pp. 6–7.
[30] Fed. R. Civ. P. 60(b)(6).
[31] *See* Dkt. No. 48 at pp. 9–12; *see also* Dkt. No. 49. at p. 2.
[32] *Carter*, 547 F.2d at 259.

has "recognized" an equitable exception when the defendant has substantially litigated his case in federal court.[33] Defendant points out that he "expended significant resources filing a [FRCP 12(b)] motion to dismiss,"[34] thus precluding Plaintiffs' voluntary dismissal.

Defendant's argument fails for three reasons. *First*, case law within the Fifth Circuit is clear that "a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."[35] This is the case even where—as here—a defendant contends voluntary dismissal was precluded by his service of a FRCP 12(b) dismissal motion upon the plaintiff.[36] Moreover, the Court observes that the Second Circuit's equitable exception to FRCP 41(a)(1)(A)(i) is not binding on this Court, which is a member of the Fifth Circuit.

*Second*, Defendant cites *Plain Growers*[37] and *Pilot Freight*[38] for the proposition that "[t]he Fifth Circuit has recognized the [Second Circuit] exception,"[39] but this is a mischaracterization of the case law. The *Plains Growers* Court held that a plaintiff is "entitled as a matter of right to dismissal without prejudice" when FRCP 41(a)(1)(A)(i)'s triggering conditions are met, even if the defendant filed a motion to dismiss.[40] The Court did briefly discuss the Second Circuit's equitable exception, but only *after* holding that the plaintiff was entitled to dismissal as a matter of right.[41] Even so, this extra discussion only demonstrated how the plaintiff was still entitled to dismissal *even under* the Second Circuit exception, seemingly to bolster the Fifth Circuit's opinion.[42] But the Court nowhere categorically adopted the Second

---

[33] Dkt. No. 48. at p. 10.
[34] Dkt. No. 48. at p. 12.
[35] *Carter*, 547 F.2d at 259.
[36] *Pilot Freight Carriers, Inc.*, 506 F.2d at 916.
[37] *Plains Growers, Inc. By & Through Florists' Mut. Ins. Co. v. Ickes-Braun Glasshouses, Inc.*, 474 F.2d 250 (5th Cir. 1973).
[38] *Pilot Freight Carriers, Inc.*, 506 F.2d at 915.
[39] Dkt. No. 48. at p. 10.
[40] *See Plains Growers*, 474 F.2d at 253.
[41] *Id.*
[42] *Id.* at p. 254.

Circuit's equitable exception. In short, the *Plains Growers* Court's discussion of the Second Circuit's approach was after-the-fact dicta meant to bolster its position, not a categorical adoption of the approach itself.

The *Pilot Freight* Court also did not formally adopt the Second Circuit's equitable exception. The Court first clarified that "we have in the past expressed the view that Rule 41(a)(1) means precisely what it says."[43] The defendants then asked the Court to apply the Second Circuit's equitable exception and vacate the plaintiff's voluntary dismissal notice.[44] The Court bluntly stated: "We decline to do so."[45] The Court then went on to categorically reject the Second Circuit's approach insofar as it prohibits dismissal "whenever the merits of the controversy have been presented to the court in any manner,"[46] stating that "we must disagree with the [Second Circuit's equitable exception] and respectfully refuse to follow it."[47] The Court did demonstrate how the plaintiff's dismissal notice would still be valid *even under* the Second Circuit's equitable exception, but nowhere formally adopted the Second Circuit's approach.[48] In sum, neither the *Plains Growers* nor the *Pilot Freight* Courts formally adopted the Second Circuit's equitable exception to FRCP 41(a)(1)(A)(i). This is consistent with the Fifth Circuit's subsequent statement that "a plaintiff has an *absolute* right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."[49]

---

[43] *Pilot Freight Carriers*, 506 F.2d at 916 (citing *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963), cf. *Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc.,* 474 F.2d 250 (5th Cir. 1973) (motion to dismiss for lack of personal jurisdiction, motion to challenge service of process, and filing of written interrogatories not the equivalent of an answer for the purposes of the Rule); *Nix v. Fulton Lodge No. 2, Int. Ass'n of Machinists and Aerospace Workers*, 452 F.2d 794 (5th Cir. 1972), cert. denied, 406 U.S. 946 (motions to dismiss based on insufficiency of service of process, lack of subject matter jurisdiction, failure to state a claim, and res judicata not the equivalent of a motion for summary judgment for the purposes of the Rule)).
[44] *Pilot Freight Carriers*, 506 F.2d at 916.
[45] *Id*.
[46] *Id*.
[47] *Id*.
[48] *Id*.
[49] *Carter*, 547 F.2d at 259.

*Third*, and finally, this Court will not take the affirmative step of reading the Second Circuit's equitable exception into FRCP 41. This exception is incompatible with the plain language of FRCP 41(a)(1)(A)(i)—it creates a basis for vacating a plaintiff's voluntary dismissal notice when the statute would otherwise require the Court to recognize the dismissal. This Court, consistent with the traditional cannons of statutory construction,[50] assumes that Congress knew what it was doing when it crafted FRCP 41(a)(1)(A)(i). Specifically, had Congress intended service of a defendant's dismissal motion to preclude dismissal under FRCP 41(a)(1)(A)(i), then *Congress would have said so*. Because it did not, Congress did not intend FRCP 12(b) dismissal motions to preclude a plaintiff's FRCP 41(a)(1)(A)(i) dismissal notice, and in turn did not intend for this Court to undo Plaintiff's voluntary dismissal in this case.

### IV. HOLDING

Defendant's FRCP 60(b)(6) motion for relief from judgement is hereby **DENIED**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 8th day of December, 2016.

Micaela Alvarez
United States District Judge

---

[50] *See e.g., Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1181 (2013) (discussing the interpretive principle *expressio unius exclusio alterius,* "which instructs that when Congress includes one possibility in a statute, it excludes another by implication.").